# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRADLEY WAYNE FOSTER, | Civil No. 16-2191 (JRT/LIB) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| CAL LUDEMAN, ET. AL., | |
| Defendants. | |

Bradley Wayne Foster, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Brandon L. Boese, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL,** 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

On June 28, 2016, Plaintiff Bradley Foster filed this action against various individuals, collectively referred to as "Defendants," alleging that the conditions of his civil commitment violated his constitutional rights. Defendants subsequently filed two Motions to Dismiss. Plaintiff has objected to Magistrate Judge Leo I. Brisbois's Order and Report and Recommendation ("R&R"), which recommended that the Court grant Defendants' Motions. Because the Magistrate Judge correctly determined that Plaintiff is precluded from raising the issues underlying Counts 1 and 2, and correctly determined that Plaintiff failed to state a claim upon which relief may be granted as to Count 3, the Court will adopt the R&R in its entirety.

## BACKGROUND

Plaintiff is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (Mot. to Amend, Proposed Am. Compl. ("PAC") ¶ 1, Jan. 25, 2017, Docket No. 40.) He is currently housed at MSOP's Moose Lake Complex 1 facility. (*Id.* ¶ 9.) The Moose Lake Complex 1 facility, and the conditions of confinement there, have been the subject of litigation for several years. In 2011, individuals civilly committed at Moose Lake filed a 28 U.S.C. § 1983 class action complaint against Minnesota state officials, alleging that the policies, procedures, and conditions of their confinement amounted to a violation of their constitutional rights. *See generally Karsjens v. Jesson*, Civ. No. 11-3659 (DWF/JJK), 2015 WL 420013 (D. Minn. Feb. 2, 2015). The *Karsjens* class brought thirteen separate claims, but pertinent to this case are counts I, II, V, and VII. Count I challenged the MSOP as facially unconstitutional and count II alleged that the MSOP was unconstitutional as applied. *Id.* at *4. In count V, the *Karsjens* class alleged that the defendants had "denied Plaintiffs the right to be free from punishment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution." *Id.* Similarly, count VII alleged that the defendants had "denied Plaintiffs the right to be free from inhumane treatment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution." *Id.*

On June 17, 2015, after a six-week bench trial, the District Court held that the MSOP was facially unconstitutional and unconstitutional as applied, and therefore found for the class plaintiffs on counts I and II. *See generally Karsjens v. Jesson*, 109 F. Supp. 3d 1139 (D. Minn. 2015). The Court declined to address the remaining counts—

including counts V and VII—at that time, because the remedy fashioned for counts I and II would address the issues raised in those counts. *Id.* at 1173.

The *Karsjens* defendants appealed the Court's rulings. On January 3, 2017, the Eighth Circuit Court of Appeals reversed the District Court on counts I and II and remanded the case for further proceedings. *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017). The Eighth Circuit first held that the MSOP is facially constitutional because it is rationally related to Minnesota's legitimate interest to protect its citizens. *Id.* at 410. The court then held that the *Karsjens* class had failed to show that the conditions of their confinement rose to a level that shocks the conscience, and that they therefore failed to show that the MSOP was unconstitutional as applied. *Id.* at 410–11.

On remand, the *Karsjens* defendants moved for summary judgment on the claims that had not been explicitly addressed by the Eighth Circuit. The District Court granted that motion, stating that "in light of the Eighth Circuit's decision, the Court finds that Defendants are not liable." *Karsjens v. Piper*, 336 F. Supp. 3d 974, 987 (D. Minn. 2018). Specifically with regard to counts V and VII, the Court held that "the Eighth Circuit's holdings and reasoning preclude finding a substantive due process violation under Counts V and VII." *Id.* at 986.

On June 22, 2016, before the Eighth Circuit issued its decision on the *Karsjens* appeal, and therefore before the District Court dismissed the remainder of the *Karsjens* claims, Plaintiff filed this case. Plaintiff claims that the physical conditions and the policies of confinement within the Complex 1 facility result in the violation of his Fourteenth Amendment rights to be free from punishment (Count I) and be free from

inhumane treatment (Count II); and deny him equal protection of the law (Count III). (PAC ¶¶ 174-202.)

Defendants, both before and after the Eighth Circuit's decision, filed Motions to Dismiss the Complaint. (1st Mot. to Dismiss, Jan. 3, 2017, Docket No. 22; 2nd Mot. to Dismiss, Mar. 6, 2017, Docket No. 54.) Pertinent here, Defendants argued that the *Karsjens* litigation and the ensuing decisions by the District Court and the Eighth Circuit preclude Plaintiff from bringing Counts 1 and 2, and that Plaintiff has failed to state a claim upon which relief could be granted as to Count 3. The Magistrate Judge took Defendants' Motions to Dismiss under consideration. On January 4, 2019, the Magistrate Judge wrote an Order and R&R recommending that the Court dismiss Plaintiff's claims and denied Plaintiff's Motion to Amend his Complaint. (R. & R. at 23, Jan. 4, 2019, Docket No. 78.) Plaintiff now objects to the R&R. (Obj., Jan. 22, 2019, Docket No. 79.)

## DISCUSSION

### I. STANDARDS OF REVIEW

#### A. Objections to the Report and Recommendation

Upon the filing of a report and recommendation by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). Dispositive orders which have been properly objected to are subject to de novo review.

Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Thus, the Court will consider the dispositive portions of the R&R to which Plaintiff has objected de novo.

### B. Motion to Dismiss

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in the light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

Additionally, because the Magistrate Judge denied Plaintiff's Motion to Amend his complaint on futility grounds, the Court will treat Plaintiff's Proposed Amended Complaint ("PAC") as the operative complaint when considering Defendants' Motions to Dismiss. The Court will therefore consider the Motions to Dismiss assuming the factual allegations within the PAC are true and will afford Plaintiff all reasonable inferences from those allegations. *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012).

## II. DEFENDANTS' MOTION TO DISMISS

### A. Counts 1 and 2

Defendants move to dismiss Counts 1 and 2, arguing that Plaintiff is barred by the doctrine of issue preclusion. Defendants argue that these claims present the same issues as counts V and VII brought by the *Karsjens* class, and that, because the issues were decided in *Karsjens*, Plaintiff is precluded from asserting them here.

The Court applies federal common law to determine the preclusive effect of a judgment in a case based on federal question jurisdiction. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Id.* at 892. "'Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'" *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). Issue preclusion bars parties from relitigating only those issues "that were actually litigated and necessary to the outcome of a prior judgment," *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006).

Issue preclusion applies to bar relitigation of an issue when:

> (1) the party sought to be precluded in the second suit [was] a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded [is the] same as the issue involved in the prior action; (3) the issue sought to be precluded [was] actually litigated in the

> prior action; (4) the issue sought to be precluded [was] determined by a valid and final judgment; and (5) the determination in the prior action [was] essential to the prior judgment.

*Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010) (quoting *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007)). Analyzing these five factors, the Magistrate Judge concluded that Counts 1 and 2 of Plaintiff's Complaint are subject to issue preclusion because the issues they present were decided by either the Eighth Circuit's *Karsjens* decision or the District Court's decision on remand.

Plaintiff has two specific objections to the Magistrate Judge's preclusion analysis. First, he contends generally that "[t]his case has many more and different defendants sued in both an official capacity and in their individual capacity" whereas the *Karsjens* defendants were only sued in their official capacity. (Obj. at 9.) However, the identity of the defendants in the *Karsjens* case is irrelevant to the Court's issue preclusion analysis, because the doctrine of issue preclusion only considers whether the "party sought to be precluded" was a party to the original lawsuit. *Ginters*, 614 F.3d at 826. Plaintiff does not assert, nor could he, that he was not a party to the *Karsjens* class lawsuit.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the issues in this case are the same as some of the issues decided in the *Karsjens* litigation. He states that the "*Karsjens* case proclaimed that Minnesota statutes violated due process" whereas "[t]his case proclaims the defendants have violated existing and lawful Minnesota Statutes, which results in violations of due process." (Obj. at 9–10.)

It is true that count I in the *Karsjens* case alleged that the MSOP is unconstitutional on its face. However, as stated above, the remaining twelve claims in the *Karsjens* case all alleged that the MSOP program, as administered, violated the class plaintiffs' constitutional rights in some manner. In particular, count V alleged that the state defendants had violated the class plaintiffs' due process rights to be free from punishment, and count VII alleged that the state defendants had denied the class plaintiffs right to be free from inhumane treatment. *See Karsjens*, 336 F. Supp. 3d at 978. Here, Count 1 alleges that the Complex 1 facility violates Plaintiff's Fourteenth Amendment right to be free from punishment and Count 2 alleges that the Complex 1 facility and the policies put in place by Defendants violate Plaintiff's right to be free from inhumane treatment. The claims are identical in name.

Importantly, not only are those claims identical in name, but the facts Plaintiff uses to support his claims here are the same facts used by the class plaintiffs in *Karsjens*. The *Karsjens* plaintiffs argued that the construction of and the policies in place at Moose Lake amounted to a punitive situation. The same is true here. In fact, as the Magistrate Judge noted, the final *Karsjens* complaint "contains and alleges each of the facility construction problems with which Plaintiff, in the present case, also here takes issue." (R. & R. at 15.) Despite Plaintiff's attempts to recast his due process allegations in the present case, the underlying issue in counts V and VII of the *Karsjens* complaint and the underlying issue in Counts 1 and 2 here are the same.[1] Both the Eighth Circuit and the

---

[1] Plaintiff's attempt to distinguish this case from the *Karsjens* case by alleging wrongdoing regarding the Defendants' receipt of administrative variances to build

District Court fully considered the conditions of confinement at Moose Lake, the construction of Moose Lake, and the policies in place at Moose Lake, and ruled that they do not amount to a due process violation. Clearly, this issue has been decided.[2]

Because Plaintiff does not object to the Magistrate Judge's reasoning on the other four preclusion factors, the Court will adopt the R&R and hold that Counts 1 and 2 of Plaintiff's Complaint are barred by the doctrine of issue preclusion, and will grant Defendants' Motion to Dismiss those counts.

### B. Count 3

Count 3 alleges that Plaintiff's confinement violates his Fourteenth Amendment right to equal protection because he is treated differently than other civilly committed patients. As the Magistrate Judge summarized, Plaintiff claims that he is unlawfully treated differently than: (1) other civilly committed persons in Minnesota who are committed to facilities other than the Moose Lake Complex 1 facility; (2) other persons civilly committed in other states; and (3) other civilly committed persons who are also committed to the Complex 1 facility. (R. & R. at 18.)

---

Complex 1 is equally unavailing. The *Karsjens* class also alleged that the state defendants had obtained administrative variances and used that fact in their argument that constitutional violations had taken place. (*See* Civ. No. 11-3659, Third Am. Compl. ¶ 147, Oct. 28, 2014, Docket No. 635.) Thus, the *Karsjens* litigation embraced this fact.

[2] Plaintiff makes the argument that the Court, by lifting the stay it put in place pending the outcome of the *Karsjens* remand, "agrees [that] Plaintiff's issues were not adjudicated" in that case. (Reply at 2, Feb. 11, 2019, Docket No. 93.) However, it is precisely because this case is so closely related to the *Karsjens* case that the Court first entered the order to stay.

The Magistrate Judge considered each of the three arguments raised by Plaintiff, but concluded that Plaintiff failed to state an equal protection claim. As to the first and second classes, the Magistrate Judge stated that "[c]ourts in this District, and across the country, have regularly held that persons civilly committed at one facility are not similarly situated to individuals who are civilly committed at other facilities." (*Id.* at 19.) Thus, Plaintiff could not sustain an equal protection claim because he could not, as a matter of law, show that he is similarly situated to individuals civilly committed at facilities other than Complex 1. As to the third class, the Magistrate Judge concluded that Plaintiff failed to state a claim because he "failed to plead any factual assertions demonstrating how persons civilly committed within the MSOP Moose Lake Complex 1 facility are being treated differently." (*Id.* at 20.)

Plaintiff objects only to the conclusion that he is not similarly situated to other civilly committed individuals in Minnesota at facilities other than Complex 1. He instead asserts that he is similarly situated, and cites Minn. Stat. § 253B.185, subdivision 1 to argue that "he is to be treated identically with other civil committees under Minnesota jurisdiction." (Obj. at 11.) Plaintiff seems to be referencing language stating that "[e]xcept as otherwise provided in this section, the provisions of this chapter pertaining to persons who are mentally ill and dangerous to the public apply with like force and effect to persons who are alleged or found to be sexually dangerous persons." Plaintiff argues that this language indicates that sexually dangerous committees are to be treated identically as other committees, and that he is therefore similarly situated to other committees across Minnesota.

The statute Plaintiff is referencing, § 253B.185, subdivision 1, was repealed and recodified in 2013. Prior to 2013, the procedures pertaining to both sexually dangerous civil committees and mentally ill and dangerous civil committees were found in chapter 253B. Accordingly, chapter 253B was generically labeled the "Minnesota Commitment and Treatment Act," and §§ 253B.01–253B.17 outlined procedures governing aspects of the civil commitment process for both types of committees.

However, while true that both types of committees were subject to **some** identical procedures, it is not true that sexually dangerous civil committees were treated identically as other civil committees. In fact, the pre-2013 version of chapter 253B went on to provide additional procedures which applied to mentally ill and dangerous committees **or** sexually dangerous committees, but not both. For example, § 253B.18 and the procedures contained therein applied only to individuals who were mentally ill and dangerous, and § 253B.185 and its procedures applied only to individuals who were sexually dangerous. Thus, when § 253B.185 subdivision 1(a) stated that "[e]xcept as otherwise provided in this section, the provisions of this chapter pertaining to persons who are mentally ill and dangerous to the public apply with like force and effect to persons who are alleged or found to be sexually dangerous persons," it was not an indication that all civil committees in Minnesota were treated equally, but simply an acknowledgement that many of the procedures of the Minnesota Commitment and Treatment Act applied to both classes of committees.

That the Minnesota legislature views the two classes of committees differently is further evidenced by its 2013 decision to separate entirely the procedures for the

respective classes. That year, the legislature created a new chapter, 253D, which applies only to sexually dangerous persons. This new chapter essentially took the older version of § 253B.185, added to it, and clarified its provisions. Consequently, because the procedures for the civil commitment of mentally ill and dangerous individuals and sexually dangerous persons are housed in completely different chapters, the language that Plaintiff relies on was repealed.

Absent some explicit indication that the Minnesota legislature considers sexually dangerous committees to be similarly situated to other committees, and seeks to treat them identically, the Court sees no reason to reconsider the cases cited by the Magistrate Judge which hold that persons civilly committed at one facility are not similarly situated to persons committed at other facilities. Accordingly, the Court will adopt the Magistrate Judge's recommendation that Plaintiff has failed to state an equal protection claim because he cannot, as a matter of law, show that he is similarly situated to other committees in Minnesota.[3]

## III. MOTION TO AMEND

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*,

---

[3] In Plaintiff's Reply to Defendants' response to his objection he argues that he is similarly situated to other Moose Lake committees who are not housed at Complex 1. (Reply at 3–4.) Although he did not specifically raise this argument as an objection, the Court nevertheless finds it meritless. As stated, courts have consistently held that civil committees at one facility are not similarly situated to committees at other facilities. *See Vasquez v. Frank*, 2005 WL 2740894 at *12 (W.D. Wis., Oct. 21, 2005) (prisoner Equal Protection claim failed because "inmates at other institutions **and in other units** are not similarly situated to petitioner.") (emphasis added) (vacated on other grounds).

295 F.R.D. 228, 235 (D. Minn. 2013). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with a definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Whether to grant a motion to amend is a matter squarely within the Court's discretion. While a motion to amend should typically be granted freely to promote justice, *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999), there are situations in which a motion is properly denied. Where, like here, a plaintiff has submitted the proposed amended complaint, a court may deny the motion based on futility. Denying based on futility is proper where the "court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss." *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

The Magistrate Judge in this case denied Plaintiff's Motion to Amend on futility grounds. The Court considered Plaintiff's PAC in its review of the Magistrate Judge's recommendation and found that, even taking the facts from the PAC as true, Plaintiff could not state a claim upon which relief could be granted. Accordingly, the Court finds that the Magistrate Judge appropriately denied Plaintiff's Motion to Amend.

## IV. MISCELLANEOUS OBJECTIONS

Plaintiff makes several additional, non-specific objections to the Magistrate Judge's R&R. First, he argues that the Magistrate Judge improperly recommended dismissal of a plausible complaint. (Obj. at 2–5.) However, whether the complaint itself contains factual allegations sufficient to support Plaintiff's claims is irrelevant in this case, because the Magistrate Judge recommended dismissal of this case purely on legal grounds. No amount of factual allegations made by Plaintiff would overcome the fact that the issues he is asserting were already decided by the District Court and the Eighth Circuit. Similarly, Plaintiff cannot overcome the fact that he is not similarly situated to other civil committees not residing in Complex 1. Thus, this objection is meritless.

Next, Plaintiff asserts that the Magistrate Judge did not liberally construe his Complaint, as he should have done given Plaintiff's pro se status. (Obj. at 2.) Once again, the factual grounds of his Complaint, and therefore how the Magistrate Judge construed them, are irrelevant given the Complaint's legal failings. Nevertheless, it is clear that the Magistrate Judge did liberally construe the complaint, as the Magistrate Judge noted the correct standard of review regarding pro se litigants in his R&R. (R. & R. at 10.) Accordingly, the Court finds this objection meritless.

## CONCLUSION

The ultimate issue with Plaintiff's Complaint in this case is not its factual legitimacy. The Complaint's allegations are serious, and as evidenced by Judge Frank's ruling following a six-week bench trial, the conditions and policies of confinement at the

Moose Lake facility are constitutionally questionable. Nevertheless, the Eighth Circuit considered these conditions and policies, and held that they do not violate any civilly committed individual's constitutional rights. Plaintiff cannot escape this fact. Because the issues he asserts in this case have been decided before, and because he cannot show that he is similarly situated to other civilly committed individuals outside of the Complex 1 facility, the Court must grant Defendants' Motions to Dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Order and Report and Recommendation [Docket No. 78] is **ADOPTED**.

2. Defendants' Motions to Dismiss [Docket Nos. 22 and 54] are **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice.

3. Plaintiff's Motion to Amend his Complaint [Docket No. 40] is **DENIED**.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

DATED: March 25, 2019                                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                                   Chief Judge
                                                          United States District Court